# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

RONALD MITCHELL,

      Petitioner,

                                     Civil No. 2:09-CV-12551

-vs-                                   HON. PAUL D. BORMAN

                                     UNITED STATES DISTRICT JUDGE

C. ZYCH,

      Respondent.

_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Ronald Mitchell, ("petitioner"), presently confined at the Federal Correctional Institution in Milan, Michigan [FCI-Milan], seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his *pro se* application, petitioner challenges the decision from a prison disciplinary hearing conducted by the Bureau of Prisons (BOP) which resulted in the loss of good conduct time, disciplinary segregation, and the loss of privileges.  For the reasons stated below, the petition for writ of habeas corpus is DENIED.

**I.  Background**

Petitioner was convicted in the United States District Court for the Western District of Missouri for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  Petitioner was sentenced to 106 months imprisonment and three years' supervised release.  Petitioner has a projected release date of November 18, 2010.

On November 29, 2007, Lieutenant Klein, a staff member at the United States

Penitentiary, Leavenworth, Kansas,  filed an incident report charging petitioner with introduction

of a hazardous tool and refusing an order.  The report stated that on November 28, 2007,

Lieutenant Klein and SOS Brown went to the Veterans Administration Cemetery where

petitioner and other inmates were working in order to conduct random patdown searches.

Petitioner and another inmate were inside of a government dump truck which they were using as

part of their employment.  When Klein and Brown approached the truck, petitioner and the other

inmate put the truck into reverse and sped off in an attempt to evade the officers.  The officers

finally stopped the vehicle and gave petitioner and the other inmate several verbal orders to stop

and remain in the truck.  Petitioner and the other inmate ignored the orders, exited the truck, and

ran into an outside building.  Officer Brown chased both inmates into the building.  When

Officer Brown entered the building, the door to the women's restroom was closing as if someone

had just entered the bathroom.  Petitioner was then observed going towards the back of the

building just past the women's restroom.  Officer Brown went into the women's restroom and

found a blue tooth cell phone adapter/ear piece.  After petitioner was given a copy of the incident

report and was advised of his rights, petitioner denied the charges, stating "that's not how it

happened."

A hearing was conducted before the Unit Disciplinary Committee (UDC) on November

30, 2007.  After being advised of his rights, petitioner informed the UDC that he did not possess

the blue tooth cell phone ear piece and denied the charges.  The UDC determined that because of

the seriousness of the charges, the incident should be referred to a Disciplinary Hearing Officer

(DHO).  On the same day, petitioner was provided with written notice of the DHO hearing and

his rights at the hearing.  Petitioner waived his right to have a staff representative appear on his

2

behalf, and he did not request any witnesses.

The DHO hearing was held on December 6, 2007.  Petitioner's due process rights were reviewed by the DHO during the hearing.  Petitioner informed the DHO that he understood his rights, did not submit documentary evidence, confirmed that he did not request witnesses, and confirmed that he declined staff representation.  Petitioner denied the charges.  Regarding the incident, petitioner informed the DHO "[t]hat is not how it happened. I was in the building already.  I didn't throw nothing in the female bathroom.  I didn't refuse the order.  I just had a lighter on me. That's it."  Petitioner did not offer any other witnesses or testimony.

Although petitioner denied the charges, the DHO found Mitchell guilty of possession of a hazardous tool and refusing an order. [1]  In arriving at this decision, the DHO acknowledged petitioner's denial of the charges, but found that the greater weight of the evidence supported finding petitioner guilty of the disciplinary infractions.  In reaching this conclusion, the DHO relied on information from Lieutenant Klein's written report, Officer Brown's memorandum, the photograph of the blue tooth adapter, petitioner's statements, and other supporting documentation.  The DHO report was delivered to Mitchell on December 6, 2007.

Petitioner appealed the DHO's decision to the North Central Regional Office, which was denied.  Petitioner then appealed the decision to the Central Office for Inmate Appeals.  In his appeal to the Central Office, petitioner for the first time claimed that he was not in the building

---

[1] The BOP's regulation classifies hazardous tools as those that are most likely to be used in an escape or escape attempt or those that are hazardous to institutional security or personal safety. *See* 28 C.F.R. § 541.13, Table 3.  According to the DHO's report, the BOP has determined that inmates who circumvent the Inmate Telephone System monitoring by using a cell phone have been known to disrupt the safety and security of the institution by arranging drug/contraband introductions, providing messages related to gang activity, and/or to extort money, thus making them hazardous tools within a correctional setting. In addition, a blue tooth cell phone adapter can be used for no other purpose than to talk on a cell phone.

where the cell phone adapter was found, but was apprehended while in the process of "signing in" a dump truck in another outside building (the tool room). He claimed that his location and actions could be substantiated by his supervisor. In denying petitioner's appeal, the administrator of National Inmate Appeals stated that the DHO provided a comprehensive description of the specific evidence relied upon to support the determination that the petitioner committed the prohibited act and that the DHO rationally concluded the evidence supported this determination. The administrator also stated, "[y]ou offer no credible evidence to support any conclusion to the contrary."

Petitioner has now filed a petition for writ of habeas corpus on the following grounds:

I.  Insufficient evidence to support loss of liberties.

II.  Actual innocence of this sanction.

## II.  Discussion

The Court will discuss petitioner's two claims together because they are interrelated. Petitioner's primary claim is that there was insufficient evidence presented to support the DHO finding petitioner guilty of possession of a hazardous tool and refusing an order. Petitioner further contends that his due process rights were violated at the DHO hearing, because the DHO failed to articulate her findings at the conclusion of the hearing, rather than as part of her later report.

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 1998); *Perez v. Hemingway,* 157 F. Supp. 2d 790, 793 (E.D. Mich. 2001). Petitioner's current application is properly brought under

4

Section 2241 because he is challenging the manner in which his sentence is being executed. [2]

A prisoner is afforded the following due process rights in a disciplinary proceeding: (1) written notice of the charges at least twenty four hours before a disciplinary hearing; (2) a written statement by the fact finders about the evidence relied on and the reasons for the disciplinary action; (3) presentation of witnesses and documentary evidence in defense when doing so will not be unduly hazardous to institutional safety or correctional goals; and (4) the assistance of staff or a competent inmate when the inmate is illiterate or when the issues are complex. *Wolff v. McDonnell*, 418 U.S. 539, 564-566, 570 (1974); *Franklin v. Aycock*, 795 F. 2d 1253, 1262-63 (6th Cir. 1986); *Mazzanti v. Bogan,* 866 F. Supp. 1029, 1032 (E.D. Mich. 1994).

The Sixth Circuit has indicated that "[n]ot much evidence is required to support the action of a prison disciplinary board." *Williams v. Bass,* 63 F. 3d 483, 486 (6th Cir. 1995). "'Some evidence' is all that is needed" to support a prison disciplinary board's decision. *Id.* (*citing to Superintendent, Massachusetts Correctional Institution v. Hill,* 472 U.S. 445, 455 (1985)); *See also Falkiewicz v. Grayson,* 271 F. Supp. 2d 942, 948 (E.D. Mich. 2003). In determining whether a decision of a prison disciplinary board is supported by evidence, a federal court is "not required to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh the evidence." *Williams,* 63 F. 3d at 486 (*citing to Hill,* 472 U.S. at 455). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 472 U.S. at 455-56; *See*

---

[2]  Although the disciplinary action took place in the District of Kansas, this Court has jurisdiction to hear petitioner's challenge to this disciplinary action, because petitioner has been transferred to FCI-Milan and is currently incarcerated in this district. *Cf. Pearson v. Wiley,* 241 Fed. Appx. 488 (10th Cir. 2007)(Federal district court in Colorado lacked jurisdiction to consider petition filed by petitioner who was attacking execution of sentence imposed for disciplinary infraction while he was incarcerated in Colorado but who had been transferred to prison in Indiana and was currently confined in Indiana).

*also Lutz v. Hemingway,* 476 F. Supp. 2d 715, 719 (E.D. Mich. 2007). Moreover, the evidence need not logically preclude any conclusion but the one reached by the hearing officer in the disciplinary proceeding. *Falkiewicz*, 271 F. Supp. 2d at 948. Thus, a hearings officer in a prison disciplinary proceeding is not required to find the prisoner guilty beyond reasonable doubt, or find that guilt was the only reasonable interpretation of the evidence. *See Mullins v. Smith,* 14 F. Supp. 2d 1009, 1012 (E.D. Mich. 1998).

In the present case, there was some evidence to support the DHO's decisions to find petitioner guilty of possession of a hazardous tool and refusing an order. Although petitioner denied the charges, the DHO placed greater weight on Lieutenant Klein's written report, Officer Brown's memorandum, the photograph of the blue tooth adapter, and other supporting documentation. Even if petitioner does not agree with the DHO's findings, there is some evidence that he possessed the cell phone adapter and refused an order. Because the DHO's decision is supported by "some evidence" in the record, petitioner is not entitled to habeas relief on his claim. *See Humphreys v. Hemingway,* 77 Fed. Appx. 788, 789 (6th Cir. 2003).

Petitioner also alleges that his due process rights were violated at the DHO hearing, because the DHO failed to articulate her findings at the conclusion of the hearing, rather than as part of her later report. Petitioner contends that had he known ahead of time the DHO's reasons for finding him guilty, he could have presented evidence to rebut her findings.

28 C.F.R. § 541.17(g) directs the DHO to set out in specific terms the evidence relied upon in finding a prisoner guilty of misconduct and the reasons for the actions taken " unless doing so would jeopardize institutional security." However, the DHO is not required by regulation to disclose or summarize the evidence that it relies upon for its decision. *See*

6

*Henderson v. U.S. Parole Com'n,* 13 F. 3d 1073, 1078 (7th Cir. 1994).  In fact, a prison official

may amplify his reasons for ruling against an inmate after the disciplinary hearing has ended. *See*

*Cooper v. Lane*, 969 F. 2d 368, 372, n. 2  (7th Cir. 1992); *See also Brown v. Rios,* 196  Fed.

Appx. 681, 684-85 (10th Cir. 2006)(disciplinary hearing officer's supplementation of prior report

by stating reasons for imposing sanctions in prison disciplinary proceedings, together with

correction of date of incident, did not impermissibly add facts not previously presented at

hearing, in alleged violation of due process).  This Court has been unable to find any authority

which requires a prison disciplinary hearing officer to disclose his reasons for finding an inmate

guilty at the conclusion of the hearing, so as to afford that inmate an additional opportunity to

present additional evidence after the hearing has concluded.

28 C.F.R. § 541.17(g) requires the DHO to give the inmate a written copy of the

decisions and disposition, ordinarily within 10 days of the DHO's decision.  However, even if a

prisoner does not receive the DHO's written report within 10 days, pursuant to § 541.17(g), the

prisoner is not entitled to habeas relief, so long as the delay had no prejudicial effect on the

prisoner's administrative appeal. *See Cook v. Warden, Fort Dix Correctional Institution*, 241

Fed. Appx. 828, 829 (3rd Cir. 2007).  "[W]hether petitioner never received a written statement of

the disciplinary hearing officer's decision or received the statement late makes a difference for

the purpose of due process." *Deroo v. Holinka*, No. 2009 WL 1790666, * 2 (W.D. Wis. June 24,

2009).  In the present case, the DHO's written report was delivered to petitioner the same day as

the disciplinary hearing.  Petitioner was able to file a timely administrative appeal in this case.

In the present case, petitioner was given advance notice of the charges against him and

was afforded the opportunity to present evidence at the DHO hearing, which he declined.  The

DHO's written report provided adequate reasons for her decision to protect petitioner in any later proceedings. Under the circumstances, the failure to give petitioner an opportunity to rebut the DHO's findings and conclusions at the time of the hearing did not violate his right to due process. *See e.g. Henderson v. Commissioners of Barnstable County,* 49 Mass.App.Ct. 455, 467-68; 730 N.E. 2d 362, 372 (Mass.App.Ct. 2000)(inmates' due process rights were not violated when, after disciplinary hearing, jail superintendent and county commissioners *sua sponte* revoked good time credits; inmates had notice and opportunity to marshal facts as to underlying disciplinary infraction at a time when they knew they could lose good time credits, no factual dispute over underlying charges remained after hearing, and a letter from superintendent as well as commissioners' vote provided adequate record of the reasons for the sanction to protect inmates in later proceedings).

## III.  CONCLUSION

Based upon the foregoing, the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.** Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F. 3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

s/Paul D. Borman                              
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2009

CERTIFICATE OF SERVICE

8

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 28, 2009.

s/Denise Goodine

Case Manager